UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

JOJI JACOB VARGHESE, M.D.,

    Plaintiff,

v.

                                      No. 1:25-CV-161-H

HENDRICK PROVIDER NETWORK,
d/b/a Hendrick Clinic, et al.,

    Defendants.

## ORDER

Before the Court is Hendrick Provider Network and Hendrick Medical Center's motion to dismiss under Rule 12(b)(6). Dkt. No. 15. While the motion was pending, the plaintiff amended his complaint. *See* Dkt. No. 30. The amended complaint adds five individual defendants, as well as new factual allegations that appear to coincide with alleged deficiencies identified in the motion to dismiss. *See* Dkt. No 30-1 at 2, 19–20, 25–26, 27–28, 35–36. The amended complaint also further details the prayer for relief. *Id.* at 37.

An amended complaint typically moots a motion to dismiss a prior complaint. *See, e.g.*, *Garza-Selcer v. 1600 Pac. Subtenant, LLC*, No. 3:15-CV-3791, 2016 WL 11474103, at *2 (N.D. Tex. Aug. 30, 2016). But "a motion to dismiss that attacks the original complaint for deficiencies that persist in the amended complaint should not necessarily always be denied as moot. Rather, the court has the discretion to apply the original motion to dismiss to the amended complaint." *New World Int'l, Inc. v. Ford Glob. Techs., LLC*, No. 3:16-CV-1112, 2017 WL 1078525, at *5 (N.D. Tex. Mar. 22, 2017). That said, a court should not exercise its discretion if doing so "would cause confusion or detract from the efficient resolution of the issues." *Louisiana v. Bank of Am. Corp.*, Civ. A. No. 19-638, 2020 WL 3966875, at *5

(M.D. La. July 13, 2020) (quotation omitted); *cf. Tanner v. Loving Cnty. Sheriff's Dep't,* No. 25-CV-033, 2026 WL 454992, at *2 (W.D. Tex. Jan. 30, 2026) (recommending that the district court deny pending motions to dismiss as moot because an amended complaint "contain[ed] new factual matter" and "add[ed] new defendants," among other things), *report & recommendation adopted,* 2026 WL 451427 (Feb. 17, 2026). Any prejudice caused by denying a motion to dismiss as moot is slight when, as here, the defendants "will be able to file substantially similar briefing in response to the amended complaint." *Louisiana,* 2020 WL 3966875, at *4 (quotation omitted).

Given the amended complaint's addition of new defendants and factual allegations, and because this case is still in its early stages,[1] the Court denies the pending motion to dismiss (Dkt. No. 15) as moot without prejudice to refiling. The defendants may move to dismiss the amended complaint within 21 days of this Order. In line with the Court's prior rulings, the parties need not seek leave to file oversized briefing. *See* Dkt. Nos. 19; 22; 25.

So ordered on May 8, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

---

[1] Under the Court's scheduling order, discovery is not set to conclude until June 4, 2027. Dkt. No. 29 at 1. Dispositive motions are due a month later, and trial is scheduled for November 2027. *Id.*